**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**MAY 25 2017**

JEFFREY P. COLWELL
CLERK
_____

UNITED STATES DISTRICT COURT

For the District of Colorado

John A. Olagues, Pro Se
413 Sauve Rd.
River Ridge LA. 70123
olagues@gmail.com
504-305-4071
A shareholder of DigitalGlobal Inc.

               Plaintiff

Private Right of Action
Under Section 16 b of the
Securities Act of 1934
CIVIL ACTION NO.  17 CV -279
Judge Hon. Watanabe

           Versus

Jeffrey Tarr, Pres and CEO
Stephanie Comfort
Scott Walter
Timothy Hascall
DigitalGlobe Inc.
           Defendants

<u>Response to Defendants 12 -b-6 Motion</u>

**Initial Statements**

1.The following statements are made to clarify  the facts and the law that Aaron Hughes, the attorney for Digitalglobe Inc., misunderstands and attempts to disguise.

2.Olagues is not representing or trying to represent either the officers or directors, the issuer or the shareholders. He is a shareholder trying to enforce Section 16 b) of the  Securities Exchange Act of 1934 and disgorge profits from the defendant insiders who violated section 16 (b) of the 1934 Act. Section 16 b) is below:

3. *"(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer, any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any*

*such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months.. **Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction** by the issuer, **or by the owner of any security of the issuer in the name and in behalf of the issuer** if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized. This subsection shall not be construed to cover any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security or security-based swap agreement or a security-based swap involved, or any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."*

<u>End of Section 16 (b) of the 1934 Act</u>

4. Section 16 (b) makes clear its purpose and that the SEC can not make rules that exempt transactions that are comprehended within the purpose. Nor can attorneys such as Mr. Aaron Hughes interpret the SEC rules to allow transactions that are comprehended within the purpose of 16(b) to be exempted as he is attempting to do here. He and others and designers of Equity Compensation Plans have as their purpose to allow officers and directors and owners of greater than 10 % of the shares to extract wealth from the companies by the *"unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer".*

5.In order to enforce section 16 (b), the shareholder must request that the issuer seek disgorgement (which the shareholder did here). But the issuer refused and therefore only a shareholder could enforce the section 16 (b).If an attorney were hired to represent the shareholder, the attorney would be representing the shareholder, who is seeking to enforce section 16 (b). The attorney would not be representing either the issuer or the other shareholders.

6. If the shareholder were representing the shareholders and/or the issuer in a derivative suit, it certainly would require an attorney to represent the shareholders and/or the issuer. But it is clear that this suit is not a derivative suit. It is a private right of Action and has been declared so by the SEC in the August 9, 2005 release  [RELEASE NOS. 33-8600; 34-52202; 35-28013; IC-27025; File No. S7-27-04]   on pages 1,2, and 3.

7. The attorney for defendants here, Aaron Hughes is claiming that the shareholder, Olagues, is representing the issuer or the shareholders and can not proceed without an attorney, because a "non attorney" plaintiff can not represent a person other than himself. He either does not understand section 16 (b) or is deliberately misleading the court.

8. Assume for a moment that rather than proceeding pro se, the shareholder hired an attorney to represent him as a shareholder. The attorney for defendants in this case, Aaron Hughes, would believe that this situation is fine. Would the attorney representing the plaintiff now be representing the issuer? The answer is no. The attorney would be merely representing the shareholder who is enforcing section 16(b). If the attorney representing the plaintiff shareholder was instead representing the issuer or the shareholders, there would be no need for the shareholder plaintiff. But in cases where the issuer refuses to pursue disgorgement of profits, according to the statue itself, the only choice left for forcing recovery requires a shareholder plaintiff.

9. So there is absolutely no requirement to have an attorney to represent the shareholder who is enforcing Section 16 (b). And there is no court decisions where an a plaintiff in a section 16 (b) case was required to be represented by an attorney.  In fact in the only case where the issue was raised, the court in the Second Circuit of New York in Olagues v. Dimon 14 cv-4872 allowed the Plaintiff to proceed pro se after the pro se Plaintiff showed cause why the case should not be dismissed and was allowed to proceed pro se.

10. This allowing of a shareholder to proceed pro se was certified by the U.S Supreme Court in Gollust v. Mendell 501 U.S. 155 as the quote below illustrates:

11.1*(a) Section 16(b) provides standing of signal breadth, expressly limited only by the conditions that the plaintiff be the "owner of [a] security" of the "issuer" at the time the suit is "instituted." Any*

*"security" - including stock, notes, warrants, bonds, debentures, puts, and calls, 15 U.S.C.
78c(a)(10) - will suffice to confer standing. There is no restriction in terms of the number or
percentage of shares, or the value of any other security, that must be held. Nor is the security
owner required to have had an interest in the issuer at the time of the short-swing trading.
Although the security's "issuer" does not include parent or subsidiary corporations, 15 U.S.C.
78c(a)(8), this requirement is determined at the time the 16(b) action is "instituted." Congress
intended to adopt the common understanding of the word "institute" - "inaugurate or commence;
as to institute an action," Black's Law Dictionary 985-986 (3d ed. 1933) - which is confirmed by its
use of the [501 U.S. 115, 116]   same word elsewhere to mean the commencement of an action,
see, e.g., 8 U.S.C. 1503(a). Pp. 121-124.*

*And*

12. *"To enforce this strict liability rule on insider trading, Congress chose to rely solely on the
issuers of stock and their security holders. Unlike most of the federal securities laws, 16(b) does
not confer enforcement authority on the Securities and Exchange Commission. It is, rather, the
security holders of an issuer who have the ultimate authority to sue for enforcement of 16(b)."*

13. *"If the issuer declines to bring a 16(b) action within 60 days of a demand by a security holder,
or fails to prosecute the action "diligently," 15 U.S.C. 78p(b), then the **security holder** may
"institut[e]" an action to recover insider short-swing profits for the issuer. Ibid."*

14. Thus the theory that a section 16 (b) case must be prosecuted by a shareholder plaintiff, who
is represented by an attorney has no basis.

15. **2  Turning now to the question of whether the defendants violated section 16 b),** We
must first make clear as to what exactly the defendants did. Below I refer to the transactions
reported to the SEC on the Form 4s.

**Stephanie Comfort**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 1896 | 11/3/2015 | $16.36 | 1896 | 5/1/2016 | $22.16 | $10,996 |

**Jeffrey Tarr was President and CEO**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 2000 | 11/19/2014 | $26.83 | 2000 | 3/6/2015 | $34.65 | $15,660 |
| 1297 | 8/4/2015 | $22.89 | 1297 | 3/6/2015 | $34.65 | $15,252 |
| 703 | 8/4/2015 | $22.89 | 703 | 4/4/2015 | $34.60 | $8,246 |
| 3000 | 11/3/2015 | $15.80 | 3000 | 5/22/2015 | $31.57 | $47,310 |
| 2000 | 3/1/2016 | $15.09 | 2000 | 3/6/2016 | $16.24 | $2300 |

Total Profits......$88,768

**Stephanie Comfort**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 1896 | 11/3/2015 | $16.36 | 1896 | 5/1/2016 | $22.16 | $10,996 |

**Scott Walter**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 627 | 11/3/2015 | $16.3 | 627 | 5/22/2015 | $31.57 | $9574 |

**Timothy Hascall**

| Shares Purchased | Date | Price | Shares Disposed | Date | Price | Profit |
|---|---|---|---|---|---|---|
| 562 | 12/11/2014 | $24.46 | 562 | 5/22/2015 | $31.57 | $3,995 |
| 458 | 12/11/2014 | $24.46 | 458 | 3/6/2015 | $34.65 | $4,667 |
| 1023 | 12/11/2014 | $24.46 | 1023 | 2/5/2015 | $29.31 | $4,961 |

Total profits $13,623

**Combined Amount of Profits $122,961**

16. For the dispositions above highlighted in yellow, there was no income calculation and tax liability on those days since IRC 83 c-3 deferred the income calculation and tax liability since a non exempt sale could have caused a 16 (b) violation. The deferral in each case lasted until 6 months after the purchases indicated.

**17. All of the necessary requirements to force a disgorgement of profits from the officers and directors pursuant to section 16 (b) are present here.**
All matched transactions were within less than 6 months.
This is 100 certain as shown on the SEC Form 4s. See Exhibit 1
All of the purchases and dispositions were transacted by the mentioned persons when they were officers and directors of DigitalGlobe at all required times.
This is 100 certain as shown on the SEC Form 4s. See Exhibit 1
All of the matched transactions were made at a profit from common stock transactions.
This is 100 certain as shown on the SEC Form 4s. See Exhibit 1

18. None of the purchases Code "P" were exempt from section 16 (b).
This is 100 certain as shown on the SEC Form 4s. See Exhibit 1
None of the Code "F" or the Code "D" transactions were exempt from 16 b .

19. It is also clear to the Plaintiff that All of the Code "F" and "D" transactions and the "P" and "A" transactions were comprehended within the purpose of section 16 (b).

20. The only issue in the suit is whether the dispositions of common stock from the insiders to the issuer to pay for taxes were transactions exempt from 16 b. To be exempt from Section 16 b of the 1934 Act, it is required that the transactions must **not** be comprehended within the purpose of section 16 (b). The transactions also must satisfy the specificity of approval requirements under Rule 16b-3(e) to get an exemption from 16 (b).

21. When Employee Stock Options are exercised at the discretion of the insiders after vesting, which results in an acquisition, the insider has superior standing relative to the issuer which is required to accept the discretionary exercise and acquisition. Apparently here, the insider had

6

discretion to deliver a part of the acquired shares or cash for satisfaction of the required tax liability withholdings. If the insider had discretion as to the timing of the exercise of the ESOs and discretion of the method of paying the tax liability, no reasonable person would claim that these discretionary decisions by persons with full inside information are not comprehended within the purpose of 16 (b).

22. These discretionary choices also preclude the **satisfaction of the specificity of approval requirements under Rule 16b-3(e)** and preclude an exemption of 16 (b). **This is exactly what happened here.**

23. Even if the transaction were **not** comprehended within the purpose of the statute, the transaction also is required to be approved such that the specificity of approval requirements under Rule 16b-3(e) are met. There is no such approval here.

24. On page 4 of the 12 b-6 motion, attorney Aaron Hughes claims a "default rule", where *each participant shall be deemed to have elected to have the Company withhold from the shares or cash to be issued pursuant to an award that **number of shares... or cash** equal to the minimum applicable tax withholding.*

25. Although *the participant shall be deemed to have elected to have the company withhold cash or shares,* the company seems to also have a choice of between cash or shares to be used for the tax withholding. This make it clear that the requirements of Rule 16 b-3(e) and Note (3) are not satisfied and the transactions are "comprehended within the purpose of 16 (b)". Either of the above make the disposition of common stock for payment of the taxes a non exempt transaction.

26. The last paragraph on page 4 is correct and the first paragraph on page 5 is correct if the approvals would satisfy the specificity of approval requirements under Rule 16b-3(e) and the dispositions are not comprehended within the purpose of 16 (b). But in this case we have neither.

27. We also do not have an approval for payment of a tax liability months before the income calculation and the tax liability occurs as is the case with a major portion of the dispositions here.

A substantial part of the income calculation and tax withholding was deferred by IRC 83 c-3, which Mr. Hughes apparently does not understand, and there is no Plan or Grant agreement that approves dispositions for tax liabilities substantially in advance of the tax liabilities occurring.

28. On page 7, Mr Aaron Hughes cites In re Thomas 387 B.R. 808, 815-16 (2008) whereby the plaintiff is not enforcing a private right of action. The plaintiff in In re Thomas clearly is not proceeding to enforce a statute as a pro se plaintiff. Below is a quotation from the Thomas case:

   *"In Thomas, the court dismissed a pro se complaint where, as here, the assignment of a claim appeared absolute on its face but provided that the proceeds of any recovery would be shared by the assignor. The court ruled that because the assignee was "acting in a representative capacity to some extent and not exclusively on his own behalf" the assignee could appear only by counsel."*

29. Of course Plaintiff Olagues is merely enforcing the statute which makes profits recoverable by the Issuer.

30. On page 7 Mr. Aaron cites Tal v. Hogan 453 F.3d 1244(10 Cir 2006), whereby Tal was clearly attempting to represent a corporation in a Qui Tam case. This decision is completely irrelevant to the case at hand, as this case Olagues v. Jeffry Tarr is a private right of action enforcing section 16 (b) and the Plaintiff is not representing anyone.

31. Mr. Hughes attempts to disparage the Plaintiff by claiming he has "an appalling history of vexatious litigation under that statute", but neither he nor anyone else has ever produced nor can they produce one incident of "vexatious litigation under that statute". In doing so, he essentially illustrates that he can assert no basis for the 12 b-6 motion and merely makes a silly claim.

32. He cits the case Jones v. Nuclear, Inc 741 F.2d 322 (10th Cir 1984), and Compare Levy v. General Electric Capital Corp. which is 100% irrelevant as this suit Olagues v. DigitalGlobe Inc. is to enforce section 16 (b).

33. On the bottom of page 7. Mr. Hughes states "Mr. Olagues is in no position to advance the interests and its shareholder."

8

34. The issuer and the shareholders will benefit from this Suit v. the officers of DigitalGlobe Inc. The officer and directors will, in all probability, stop trading unfairly on information they obtained from their positions.

35. As a result of Mr. Olagues filing these suits, the number of violations of Section 16 b have decreased substantially over the past year. This benefits the companies, notwithstanding the attorneys for the insider violators  like Mr. Hughes doing their best to prevent the enforcement of section 16 (b) of the 1934 Act.

36. Mr Hughes says on Page 8 "the great majority of Section 16 (b) cases are brought by a shareholder in the issuer, represented by one of the law firms that specializes in 16 (b) litigation." That is true. But the question arises. "Whom does the attorney represent?" The answer is that the attorney represents the plaintiff not the issuer or the shareholders. So did the plaintiff/shareholder's standing or status change if the attorney represents him. The answer is 100% no. If the attorney was representing the issuer or the shareholders, then who if the plaintiff?

37. The suits that have been filed have resulted in a benefit to the companies as the future violations of 16 (b) by their officers against the issuer have been reduced remarkably because of Olagues enforcement of section 16 (b).

38. Olagues is highly experienced as an investment advisor, a consultant to securities attorneys and an expert options market maker. He was the volume leader and holder of the largest positions on the CBOE and the Pacific Options Exchange for a period of ten years. Olagues wrote the Book "Getting Started in Employee Stock Options"  published by Wiley & Sons in 2010, the only book that tells how to efficiently manage options grants..

39. At the top of page 9, Mr. Hughes again claims that Olagues is representing the issuer, when he is in fact merely enforcing the statute which recovers the illegal profits made by his clients. The middle paragraph on page is entirely false. The bottom paragraph on page 9 is again incorrect clearly demonstrating that Mr.Hughes is knowingly misrepresenting the law or that he does not understand the law.

9

40. Below are the SEC Rules that must be complied with to get exemptions from 16 (b):

 SEC Rule 16 b-3(e) verbatim as written.

**50. (e) *Dispositions to the issuer.*** Any transaction, other than a Discretionary Transaction, involving the disposition to the issuer of issuer equity securities, whether or not intended for a compensatory or other particular purpose, shall be exempt, provided that the terms of such disposition are approved in advance in the manner prescribed by either paragraph (d)(1) or paragraph (d)(2) of this section.

Below is Note (3) verbatim as written.

**51. Note (3):**

The approval conditions of paragraphs (d)(1), (d)(2) and (e) of this section require the approval of each specific transaction, and are not satisfied by approval of a plan in its entirety except for the approval of a plan pursuant to which the terms and conditions of each transaction are fixed in advance, such as a formula plan. Where the terms of a subsequent transaction (such as the exercise price of an option, or the provision of an exercise or tax withholding right) are provided for in a transaction as initially approved pursuant to paragraphs (d)(1), (d)(2) or (e), such subsequent transaction shall not require further specific approval.

Below is SEC Rule 16 b-3(d)(1) and (2) verbatim as written

**52. (d) *Acquisitions from the issuer.*** Any transaction, other than a Discretionary Transaction, involving an acquisition from the issuer (including without limitation a grant or award), whether or not intended for a compensatory or other particular purpose, shall be exempt if:

**(1)** The transaction is approved by the board of directors of the issuer, or a committee of the board of directors that is composed solely of two or more Non-Employee Directors;

**(2)** The transaction is approved or ratified, in compliance with section 14 of the Act, by either: the affirmative votes of the holders of a majority of the securities of the issuer present, or represented, and entitled to vote at a meeting duly held in accordance with the applicable laws of the state or other jurisdiction in which the issuer is incorporated; or the written consent of the holders of a

majority of the securities of the issuer entitled to vote; ***provided that*** such ratification occurs no later than the date of the next annual meeting of shareholders;

53. The following Q and A #126.16 to and from the staff of the SEC interpreting 16 b-3(e) requirements for an exemption from 16 (b) is below .

**Question: Would approval of a grant that by its terms provides for automatic reloads satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants?**

**Answer: Yes. Approval of a grant that by its terms provides for automatic reloads would satisfy the specificity of approval requirements under Rule 16b-3(d) for the reload grants, unless the automatic reload feature permitted the reload grants to be withheld by the issuer on a discretionary basis. The same result applies under Rule 16b-3(e) where the automatic feature is a tax- or exercise-withholding right. [May 23, 2007]**

54. The above Q and A by the SEC staff makes clear that when the issuer, Digitalglobe Inc has discretion to require either shares or cash for withholding by the issuer for payments for a tax liability, which is clearly the case here, that transaction does not satisfy the specificity of approval requirements under Rule 16b-3(e) and does not achieve an exemption from Section 16 (b).

55. Neither the SEC or the Southern District of New York have rejected that view. In fact Romeo and Dye,  agree with the Plaintiff Olagues position as illustrated  in this suit.
 See below, although Olagues disagrees with the methods Romeo and Dye suggest that Issuers might consider assuring the availability of the exemption by.

**56) Issuer Discretion To Disallow Stock Withholding, Surrender, Or Delivery May Call Into Question Availability Of Rule 16b-3(e).**
 The staff (of the SEC) has taken the position that a net exercise or tax withholding transaction that is subject to issuer discretion would require specific approval of individual transaction in order for the Rule 16b-3(e) exemption to be available.

57. See *Compliance and Disclosure Interpretations, Exchange Act Section 16 and Related Rules and Forms*, Q. 123.16 (May 23, 2007). Apparently the staff is concerned that the issuer's discretion means the board or committee delegated to management the decision whether to approve withholding, rather than making the decision itself, Issuers might consider assuring the availability of the exemption by

(i) eliminating the discretionary feature and making the right entirely elective on the part of the insider,(ii) having the administering committee adopt a resolution providing that withholding is permissible unless the committee (not management) concludes that it should not be permitted in a particular case, or (iii) having the committee establish clear guidelines for management's disallowance of withholding, so that the decision by management is ministerial rather than discretionary.

**End of Romeo and Dye's comment on the Q and A**

58. In the quotation on the bottom of page 10 and the top of page 11, Mr. Hughes wrongly asserts that if the transaction is between the insider and the issuer, it is exempt from section 16 (b). That is not true as the transaction must be approved in a manner that **satisfies the specificity of approval requirements under Rule 16b-3(e). If it does not, then there is no exemption.**

59. Additionally Section 16 (b) allows an exemption only when the transaction is not comprehended within the purpose of the statue.

60. At the bottom of page 11 Mr. Hughes states "Plaintiff does not contend in his complaint that DigitalGlobe failed to approve its equity compensation awards." That is true. Plaintiff Olagues is supported by the SEC staff in the Q and A 123.16.

61. Mr. Hughes attempting to deceive the court fails to mention that the SEC staff says " **when the issuer has discretion, the disposition is not exempt.",** which is the case here. Mr. Hughes cites the Donoghue v. Casual Male case as support for his defective theory. But the SEC staff

makes the Rule interpretation in the Q and A #123.16 that the approval must **satisfy the specificity of approval requirements under Rule 16b-3(e)** or the approval does not achieve an exemption from Section 16 (b).

62. Mr. Hughes repeats several times that the Board of Directors or the compensation committee approved the grants of the Restricted Stock Units, which exempted the subsequent transactions of disposing of the shares for taxes. But he has failed to produce any approval documents at all.

**63.  IRC 83 c-3 defers the income calculation tax liability past the vesting of Restricted Stock Units or the exercise of Employee Stock Options:**

*IRC  83 (c)(3) says the following:*

*Sales which may give rise to suit under section 16(b) of the Securities Exchange Act of 1934*

*So long as the sale of property at a profit could subject a person to suit under section 16(b) of the Securities Exchange Act of 1934, such person's rights in such property are—*

*(A)      subject to a substantial risk of forfeiture, and*

*(B)      not transferable.*

--------------------------------------------------

**Below is the paragraph from an IRS Bulletin of March 17, 2014**

64. *Specifically, practitioners asked whether the* **purchase of shares** *in a transaction not exempt from section 16(b) of the Securities Exchange Act of 1934* **prior to the exercise of a stock option** *that would not otherwise give rise to section 16(b) liability would defer taxation of the stock option exercise. Treasury and the IRS do not believe that such a non-exempt purchase of shares would defer taxation of the subsequent stock option exercise. This result is consistent with Example 3 of § 1.83–3(j)(2). In response to these requests for clarification, Treasury and the IRS have revised Example 4 of proposed regulation § 1.83–3(j)(2) to address the situation raised.*

13

**65. The above paragraph assumes that if there is a non exempt purchase of shares prior to the exercise of a stock option that would not otherwise cause a violation of 16(b), and states that there is no deferral in that circumstance.**

66. Few practitioners understand IRC 83 c-(3) and are confused by the IRS examples. They do not understand the IRS clarification and believe that IRC 83(c) does not apply in any cases.

**Judge Berzon of the Ninth Circuit Court of Appeals in Strom v. U.S. (2011) Nos. 09–35175, 09–35197.**

illustrates in the verbatim quote below, that income calculation and tax liability is deferred when there is a non exempt purchase within 6 months prior to an exercise of ESOs.

BERZON, Circuit Judge:

67. "*Ordinarily, when an employee is compensated with nonstatutory stock options that do not have a readily ascertainable fair market value at the time of the grant, the employee realizes income for tax purposes upon exercising the options.1 See 26 U.S.C. §§ 83(a) & (e)(3)-(e)(4); 26 C.F.R. § 1.83-7(a). The taxpayer is taxed on an amount equal to the fair market value of the stock on the date of exercise minus the option price paid for the stock. See 26 C.F.R. §1.83-1(a)(1); id. §1.83- 7(a)*

*Internal Revenue Code § 83(c)(3), however, allows taxpayers to defer recognition and  valuation of income so long as a profitable sale of the stock acquired through the exercise of the options "could subject a person to suit under section 16(b) of the Securities Exchange Act of 1934." 26 U.S.C. § 83(c)(3). Section 16(b), in turn, forbids a corporate insider from profiting on a purchase made within six months of a sale (or a sale made within six months of a purchase) of the corporation's stock. See 15 U.S.C. § 78p(b). If a taxpayer is permitted to defer tax consequences under IRC § 83(c)(3), the taxpayer will be later taxed on an amount equal to the fair market value of the stock on the date that § 83(c)(3) no longer applies minus the option price paid for the stock. See 26 U.S.C. § 83(a); 26 C.F.R. § 1.83-1(a)(1)."*

68. The Ninth Circuit Ruling is the highest authority on how IRC 83 c-(3) works. Some attorneys claim that certain IRS examples refute the Ninth Circuit on IRC 83 c-3. The examples that the IRS created never apply since the examples apply only when the grants of Employee Stock Options are non exempt and are immediately exercisable, which is never the case.

69. Since the dispositions highlighted on pages 5 and 6  were premature payment for taxes that were deferred by IRC 83-c(3) and there is no approval in any plan or grant documents for premature disposition, there is no exemptions for such premature dispositions.

Respectfully Submitted

John Olagues

# Exhibit 1

SEC Form 4s filed by insider of DigitalGlobe Inc

SEC Form 4

**FORM 4**

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

| 1. Name and Address of Reporting Person* | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| TARR JEFFREY R | DIGITALGLOBE, INC. [ DGI ] | X Director       10% Owner |
| (Last)      (First)      (Middle) | 3. Date of Earliest Transaction (Month/Day/Year) 03/01/2016 | X Officer (give title below)       Other (specify below) |
| 1300 W. 120TH AVENUE | | President and CEO |
| (Street) | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) |
| WESTMINSTER CO       80234 | | X  Form filed by One Reporting Person |
| (City)      (State)      (Zip) | | Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 03/01/2016 | | P | | 2,000 | A | $15.09 | 250,423 | D | |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned**
**(e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

**Remarks:**

/s/ Nicholas D. Claassen, attorney-in-fact       03/01/2016

** Signature of Reporting Person       Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

| | | |
|---|---|---|
| | **UNITED STATES SECURITIES AND EXCHANGE COMMISSION** | OMB APPROVAL |
| | Washington, D.C. 20549 | OMB Number: 3235-0287 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br> TARR JEFFREY R <br><br> (Last)    (First)    (Middle) <br> 1300 W. 120TH AVENUE <br><br> (Street) <br> WESTMINSTER CO    80234 <br><br> (City)    (State)    (Zip) | 2. Issuer Name and Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 11/03/2015 <br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) <br> X  Director          10% Owner <br> X  Officer (give title below)    Other (specify below) <br>    President and CEO <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X  Form filed by One Reporting Person <br>    Form filed by More than One Reporting Person |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 11/03/2015 | | P | | 3,000 | A | $15.8 | 224,219 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact     11/03/2015

\*\* Signature of Reporting Person     Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

| 1. Name and Address of Reporting Person[*] | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) | |
|---|---|---|---|
| TARR JEFFREY R | DIGITALGLOBE, INC. [ DGI ] | X  Director | 10% Owner |
| (Last)      (First)      (Middle) | 3. Date of Earliest Transaction (Month/Day/Year) 08/04/2015 | X  Officer (give title below) | Other (specify below) |
| 1300 W. 120TH AVENUE | | President and CEO | |
| (Street) | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) | |
| WESTMINSTER CO       80234 | | X  Form filed by One Reporting Person | |
| (City)      (State)      (Zip) | | Form filed by More than One Reporting Person | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 08/04/2015 | | P | | 2,000 | A | $22.89[1] | 221,219 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. The price reported in column 4 is a weighted average price. These shares were sold in multiple transactions at prices ranging from $22.79 to $22.95, inclusive. The reporting person undertakes to provide to DigitalGlobe, Inc., any security holder of DigitalGlobe, Inc., or to the staff of the U.S. Securities and Exchange Commission, upon request, full information regarding the number of shares sold at each separate price within the ranges set forth in this footnote.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact          08/04/2015

\*\* Signature of Reporting Person          Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

| 1. Name and Address of Reporting Person* | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| TARR JEFFREY R | DIGITALGLOBE, INC. [ DGI ] | X Director        10% Owner |
| (Last)   (First)   (Middle) | 3. Date of Earliest Transaction (Month/Day/Year) 11/19/2014 | X Officer (give title below)   Other (specify below) |
| 1601 DRY CREEK DRIVE SUITE 260 | | President and CEO |
| (Street) | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) |
| LONGMONT CO   80503 | | X Form filed by One Reporting Person |
| (City)   (State)   (Zip) | | Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 11/19/2014 | | P | | 2,000 | A | $26.828(1) | 176,122 | D | |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned (e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. The price reported in column 4 is a weighted average price. These shares were purchased in multiple transactions at prices ranging from $26.82 to $26.83, inclusive. The reporting person undertakes to provide to DigitalGlobe, Inc., any security holder of DigitalGlobe, Inc., or to the staff of the U.S. Securities and Exchange Commission, upon request, full information regarding the number of shares purchased at each separate price within the ranges set forth in this footnote.

**Remarks:**

/s/ Nicholas Claassen attorney-in-fact          11/19/2014

** Signature of Reporting Person          Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION
Washington, D.C. 20549

STATEMENT OF CHANGES IN BENEFICIAL
OWNERSHIP

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br> TARR JEFFREY R | 2. Issuer Name and Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| (Last)  (First)  (Middle) <br> 1300 W. 120TH AVENUE | 3. Date of Earliest Transaction (Month/Day/Year) <br> 03/06/2016 | X Director                     10% Owner <br> X Officer (give title below)    Other (specify below) <br>    President and CEO |
| (Street) <br> WESTMINSTER CO      80234 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br>    Form filed by More than One Reporting Person |
| (City)   (State)   (Zip) | | |

## Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 03/06/2016 | | F | | 2,923[1] | D | $16.24 | 247,500 | D | |

## Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 6) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Nicholas Claassen,
attorney-in-fact                          03/08/2016

\*\* Signature of Reporting Person                Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

| UNITED STATES SECURITIES AND EXCHANGE COMMISSION | OMB APPROVAL |
| --- | --- |

Washington, D.C. 20549

OMB APPROVAL

OMB Number: 3235-0287
Estimated average burden
hours per response: 0.5

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person*<br><br>TARR JEFFREY R<br><br>(Last)    (First)    (Middle)<br>1601 DRY CREEK DRIVE<br>SUITE 260<br><br>(Street)<br>LONGMONT   CO      80503<br><br>(City)     (State)    (Zip) | 2. Issuer Name and Ticker or Trading Symbol<br>DIGITALGLOBE, INC. [ DGI ]<br><br>3. Date of Earliest Transaction (Month/Day/Year)<br>05/22/2015<br><br>4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable)<br>X  Director            10% Owner<br>X  Officer (give title below)   Other (specify below)<br>President and CEO<br><br>6. Individual or Joint/Group Filing (Check Applicable Line)<br>X  Form filed by One Reporting Person<br>   Form filed by More than One Reporting Person |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 05/22/2015 | | A | | 6,617[1] | A | $0.00[2] | 222,302 | D | |
| Common Stock | 05/22/2015 | | F[1] | | 3,083 | D | $31.57 | 219,219 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Represents shares underlying a performance share unit earned upon satisfaction of specific performance criteria.

2. Granted by the issuer for no consideration.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact        05/26/2015

** Signature of Reporting Person      Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

SEC Form 4

# FORM 4

### UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br><br> TARR JEFFREY R <br><br> (Last)      (First)      (Middle) <br><br> 1601 DRY CREEK DRIVE <br> SUITE 260 <br><br> (Street) <br><br> LONGMONT  CO      80503 <br><br> (City)      (State)      (Zip) | 2. Issuer Name and Ticker or Trading Symbol <br><br> DIGITALGLOBE, INC. [ DGI ] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 04/04/2015 <br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) <br><br> X  Director          10% Owner <br> X  Officer (give title below)      Other (specify below) <br>        President and CEO <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X  Form filed by One Reporting Person <br>    Form filed by More than One Reporting Person |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 04/04/2015 | | F | | 4,918[1] | D | $34.6 | 215,685 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 6) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact                      04/07/2015

** Signature of Reporting Person                      Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* TARR JEFFREY R | 2. Issuer Name and Ticker or Trading Symbol DIGITALGLOBE, INC. [ DGI ] | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| (Last)        (First)        (Middle) 1601 DRY CREEK DRIVE SUITE 260 | 3. Date of Earliest Transaction (Month/Day/Year) 03/06/2015 | X Director          10% Owner X Officer (give title below)   Other (specify below) President and CEO |
| (Street) LONGMONT  CO        80503 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) X Form filed by One Reporting Person Form filed by More than One Reporting Person |
| (City)      (State)      (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 03/06/2015 | | F(1) | | 3,297 | D | $34.65 | 220,603 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact
** Signature of Reporting Person

03/10/2015
Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

# FORM 4

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934 or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

1. Name and Address of Reporting Person*
Comfort Stephanie
(Last)   (First)   (Middle)
1300 W. 120TH AVENUE
(Street)
WESTMINSTER CO   80234
(City)   (State)   (Zip)

2. Issuer Name and Ticker or Trading Symbol
DIGITALGLOBE, INC. [ DGI ]

3. Date of Earliest Transaction (Month/Day/Year)
11/03/2015

4. If Amendment, Date of Original Filed (Month/Day/Year)

5. Relationship of Reporting Person(s) to Issuer (Check all applicable)
☐ Director   ☐ 10% Owner
X Officer (give title below)   ☐ Other (specify below)
SVP, Strategy, Comms and Mktg

6. Individual or Joint/Group Filing (Check Applicable Line)
X Form filed by One Reporting Person
☐ Form filed by More than One Reporting Person

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 11/03/2015 | | P | | 3,060 | A | $16.36[1] | 26,757 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 6) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. The price reported in column 4 is a weighted average price. These shares were sold in multiple transactions at prices ranging from $16.35 to $16.36, inclusive. The reporting person undertakes to provide to DigitalGlobe, Inc., any security holder of DigitalGlobe, Inc., or to the staff of the U.S. Securities and Exchange Commission, upon request, full information regarding the number of shares sold at each separate price within the ranges set forth in this footnote.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact
** Signature of Reporting Person

11/04/2015
Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.
* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).
** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).
Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.
Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION
Washington, D.C. 20549

STATEMENT OF CHANGES IN BENEFICIAL
OWNERSHIP

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* | 2. Issuer Name and Ticker or Trading Symbol | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| Comfort Stephanie | DIGITALGLOBE, INC. [ DGI ] | |

**1. Name and Address of Reporting Person***
Comfort Stephanie

(Last)     (First)     (Middle)
1300 W. 120TH AVENUE

(Street)
WESTMINSTER CO     80234

(City)     (State)     (Zip)

**2. Issuer Name and Ticker or Trading Symbol**
DIGITALGLOBE, INC. [ DGI ]

**3. Date of Earliest Transaction (Month/Day/Year)**
05/01/2016

**4. If Amendment, Date of Original Filed (Month/Day/Year)**

**5. Relationship of Reporting Person(s) to Issuer (Check all applicable)**

| | Director | | 10% Owner |
|---|---|---|---|
| X | Officer (give title below) | | Other (specify below) |

SVP, Strategy, Comms and Mktg

**6. Individual or Joint/Group Filing (Check Applicable Line)**
X Form filed by One Reporting Person
  Form filed by More than One Reporting Person

## Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 05/01/2016 | | F | | 1,896[1] | D | $22.16 | 36,861 | D | |

## Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 6) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Patricia Lamm, attorney-in-fact     05/04/2016
** Signature of Reporting Person     Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden | |
| hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br> Scott Walter S. <br><br> (Last)   (First)   (Middle) <br> 1601 DRY CREEK DRIVE <br> SUITE 260 <br><br> (Street) <br> LONGMONT   CO   80503 <br> (City)   (State)   (Zip) | 2. Issuer Name and Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 05/22/2015 <br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) <br> ☐ Director   ☐ 10% Owner <br> X Officer (give title below)   ☐ Other (specify below) <br> EVP, USG Business and CTO <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br> ☐ Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 05/22/2015 | | A | | 1,960[1] | A | $0.00[2] | 52,546 | D | |
| Common Stock | 05/22/2015 | | F[3] | | 627 | D | $31.57 | 51,919 | D | |
| Common Stock | | | | | | | | 101,191 | I[4] | By Trust |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned**
**(e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Represents shares underlying a performance share unit and earned upon satisfaction of specific performance criteria.

2. Granted by the Issuer for no consideration.

3. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

4. Walter Scott and Diane Ross Scott TTEES Walter and Diane Scott Living Trust DTD 3-19-00.

**Remarks:**

/s/ Nicholas Claassen,     05/26/2015
attorney-in-fact
\*\* Signature of Reporting Person   Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

SEC Form 4

**FORM 4**

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

| 1. Name and Address of Reporting Person* <br> Scott Walter S. | 2. Issuer Name and Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] | 5. Relationship of Reporting Person(s) to Issuer <br> (Check all applicable) |
|---|---|---|
| (Last)      (First)      (Middle) <br> 1601 DRY CREEK DRIVE <br> SUITE 260 | 3. Date of Earliest Transaction (Month/Day/Year) <br> 11/03/2015 | ☐ Director                ☐ 10% Owner <br> X Officer (give title below)   ☐ Other (specify below) <br> EVP, USG Business and CTO |
| (Street) <br> LONGMONT CO      80503 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br> ☐ Form filed by More than One Reporting Person |
| (City)      (State)      (Zip) | | |

## Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 11/03/2015 | | P | | 3,050 | A | $16.3 | 54,969 | D | |
| Common Stock | | | | | | | | 101,191 | I[(1)] | By Trust |

## Table II – Derivative Securities Acquired, Disposed of, or Beneficially Owned
### (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Walter Scott and Diane Ross Scott TTEES Walter and Diane Scott Living Trust DTD 3-19-00.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact        11/03/2015

** Signature of Reporting Person        Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

UNITED STATES SECURITIES AND EXCHANGE
COMMISSION
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL
OWNERSHIP**

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br><br> Hascall Timothy M <br><br> (Last)        (First)        (Middle) <br><br> 1601 DRY CREEK DRIVE <br> SUITE 260 <br><br> (Street) <br> LONGMONT  CO       80503 <br><br> (City)        (State)        (Zip) | 2. Issuer Name and Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 12/11/2014 <br><br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) <br><br> ___ Director        ___ 10% Owner <br> _X_ Officer (give title below)    ___ Other (specify below) <br><br> EVP, Operations <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> _X_ Form filed by One Reporting Person <br> ___ Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 12/11/2014 | | P | | 2,043 | A | $24.46 | 43,673 | D | |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

**Remarks:**

/s/ Nicholas Claassen
attorney-in-fact
** Signature of Reporting
Person

12/11/2014

Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

SEC Form 4

**FORM 4**

### UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

### STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

| 1. Name and Address of Reporting Person* <br> Hascall Timothy M <br> (Last) (First) (Middle) <br> 1601 DRY CREEK DRIVE <br> SUITE 260 <br> (Street) <br> LONGMONT  CO  80503 <br> (City) (State) (Zip) | 2. Issuer Name and Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 02/05/2015 <br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) <br> Director   10% Owner <br> X Officer (give title below)   Other (specify below) <br> EVP, Operations <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br> Form filed by More than One Reporting Person |
|---|---|---|

#### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 02/05/2015 | | F(1) | | 1,048 | D | $29.31 | 41,334 | D | |

#### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned (e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Nicholas Classen attorney-in-fact      02/09/2015

\*\* Signature of Reporting Person        Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

\* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

\*\* Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.

SEC Form 4

## FORM 4

### UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

☐ Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. See Instruction 1(b).

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934 or Section 30(h) of the Investment Company Act of 1940

| 1. Name and Address of Reporting Person* <br><u>Hascall Timothy M</u> | 2. Issuer Name and Ticker or Trading Symbol <br><u>DIGITALGLOBE, INC.</u> [ DGI ] | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) |
|---|---|---|
| (Last)    (First)    (Middle) <br> 1601 DRY CREEK DRIVE <br> SUITE 260 | 3. Date of Earliest Transaction (Month/Day/Year) <br> 03/06/2015 | ☐ Director    ☐ 10% Owner <br> X Officer (give title below)    ☐ Other (specify below) <br> EVP, Chief Operations Officer |
| (Street) <br> LONGMONT CO    80503 | 4. If Amendment, Date of Original Filed (Month/Day/Year) | 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br> ☐ Form filed by More than One Reporting Person |
| (City)    (State)    (Zip) | | |

### Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 03/06/2015 | | F(1) | | 458 | D | $34.65 | 59,149 | D | |

### Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned
(e.g., puts, calls, warrants, options, convertible securities)

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact    03/10/2015

** Signature of Reporting Person    Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, see Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations See 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, see Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**

SEC Form 4

**FORM 4**

| | |
|---|---|
| Check this box if no longer subject to Section 16. Form 4 or Form 5 obligations may continue. *See* Instruction 1(b). | |

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

**STATEMENT OF CHANGES IN BENEFICIAL OWNERSHIP**

Filed pursuant to Section 16(a) of the Securities Exchange Act of 1934
or Section 30(h) of the Investment Company Act of 1940

| OMB APPROVAL | |
|---|---|
| OMB Number: | 3235-0287 |
| Estimated average burden hours per response: | 0.5 |

| 1. Name and Address of Reporting Person* <br> Hascall Timothy M <br><br> (Last)   (First)   (Middle) <br> 1601 DRY CREEK DRIVE <br> SUITE 260 <br><br> (Street) <br> LONGMONT   CO   80503 <br> (City)   (State)   (Zip) | 2. Issuer Name **and** Ticker or Trading Symbol <br> DIGITALGLOBE, INC. [ DGI ] <br><br> 3. Date of Earliest Transaction (Month/Day/Year) <br> 05/22/2015 <br><br> 4. If Amendment, Date of Original Filed (Month/Day/Year) | 5. Relationship of Reporting Person(s) to Issuer (Check all applicable) <br> ___ Director   ___ 10% Owner <br> X Officer (give title below)   ___ Other (specify below) <br> EVP, Chief Operations Officer <br><br> 6. Individual or Joint/Group Filing (Check Applicable Line) <br> X Form filed by One Reporting Person <br> ___ Form filed by More than One Reporting Person |

**Table I - Non-Derivative Securities Acquired, Disposed of, or Beneficially Owned**

| 1. Title of Security (Instr. 3) | 2. Transaction Date (Month/Day/Year) | 2A. Deemed Execution Date, if any (Month/Day/Year) | 3. Transaction Code (Instr. 8) | | 4. Securities Acquired (A) or Disposed Of (D) (Instr. 3, 4 and 5) | | | 5. Amount of Securities Beneficially Owned Following Reported Transaction(s) (Instr. 3 and 4) | 6. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 7. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | Code | V | Amount | (A) or (D) | Price | | | |
| Common Stock | 05/22/2015 | | A | | 1,757(1) | A | $0.00(2) | 60,906 | D | |
| Common Stock | 05/22/2015 | | F(3) | | 562 | D | $31.57 | 60,344 | D | |

**Table II - Derivative Securities Acquired, Disposed of, or Beneficially Owned**
**(e.g., puts, calls, warrants, options, convertible securities)**

| 1. Title of Derivative Security (Instr. 3) | 2. Conversion or Exercise Price of Derivative Security | 3. Transaction Date (Month/Day/Year) | 3A. Deemed Execution Date, if any (Month/Day/Year) | 4. Transaction Code (Instr. 8) | | 5. Number of Derivative Securities Acquired (A) or Disposed of (D) (Instr. 3, 4 and 5) | | 6. Date Exercisable and Expiration Date (Month/Day/Year) | | 7. Title and Amount of Securities Underlying Derivative Security (Instr. 3 and 4) | | 8. Price of Derivative Security (Instr. 5) | 9. Number of derivative Securities Beneficially Owned Following Reported Transaction(s) (Instr. 4) | 10. Ownership Form: Direct (D) or Indirect (I) (Instr. 4) | 11. Nature of Indirect Beneficial Ownership (Instr. 4) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Code | V | (A) | (D) | Date Exercisable | Expiration Date | Title | Amount or Number of Shares | | | | |

**Explanation of Responses:**

1. Represents shares underlying a performance share unit and earned upon satisfaction of specific performance criteria.
2. Granted by the Issuer for no consideration.
3. Shares withheld to satisfy minimum legally-required tax withholding obligations upon delivery of stock.

**Remarks:**

/s/ Nicholas Claassen, attorney-in-fact   05/26/2015

** Signature of Reporting Person   Date

Reminder: Report on a separate line for each class of securities beneficially owned directly or indirectly.

* If the form is filed by more than one reporting person, *see* Instruction 4 (b)(v).

** Intentional misstatements or omissions of facts constitute Federal Criminal Violations *See* 18 U.S.C. 1001 and 15 U.S.C. 78ff(a).

Note: File three copies of this Form, one of which must be manually signed. If space is insufficient, *see* Instruction 6 for procedure.

**Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB Number.**