IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00279-PAB-MJW

JOHN A. OLAGUES,

Plaintiff,

v.

JEFFREY TARR, *Pres and CEO*,
STEPHANIE COMFORT,
SCOTT WALTER,
TIMOTHY HASCALL, and
DIGITALGLOBE INC.,

Defendants.

## RECOMMENDATION OF DISMISSAL FOR FAILURE TO PROSECUTE, FAILURE TO APPEAR, AND FAILURE TO COMPLY WITH COURT ORDERS

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before the court pursuant to an Order Referring Case entered by Judge Philip A. Brimmer on March 30, 2017 (Docket No. 12).

Plaintiff is a Louisiana resident who filed the instant action in the District of Colorado. On January 31, 2017, the court set a Status Conference for March 20, 2017 at 11:00 a.m. (Docket No. 4). On the morning of Status Conference, Plaintiff called chambers, even though he did not request and did not receive permission to appear by telephone. As a courtesy, the court allowed Plaintiff to participate by telephone. A Scheduling Conference was set for April 25, 2017 (Docket No. 5). Again, without seeking leave to appear by telephone, Plaintiff called the court on the morning of the Scheduling Conference. The court did not permit him to appear by telephone, and, after

entering the Scheduling Order, set a Show Cause Hearing on May 24, 2017 at 9:00 a.m. (Docket No. 16). That Order to Show Cause directed Plaintiff to appear in person to show cause why this case should not be dismissed for failure to comply with the court's rules. Plaintiff was advised of Fed. R. Civ. P. 16(f) and or 41(b) and warned that his case would be dismissed if he failed to comply with court orders.

On May 24, 2017, Plaintiff did not attend the Show Cause Hearing. Plaintiff did not contact chambers. The court noted that Plaintiff had been ordered to appear in court on three occasions and that he did not comply with any of these orders. The court also observed that there were no known incumbrances to Plaintiff's attendance.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: . . . (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;

>> (v) **dismissing the action or proceeding in whole or in part**;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). In addition, Local Rule 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for failure to prosecute or failure to comply with these rules, the Federal Rules of Civil Procedure, or court order.  If good cause is not shown, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

D.C.COLO.LCivR 41.1.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the case be dismissed without prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based on Plaintiff's failure to prosecute, failure appear, and failure to comply with court orders.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  *Makin v.*

*Colorado Dep't of Corrections*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).

Dated:  May 30, 2017           s/ Michael J. Watanabe
       Denver, Colorado       Michael J. Watanabe
                                                    United States Magistrate Judge