FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
JUN 02 2017
JEFFREY P. COLWELL
CLERK

UNITED STATES DISTRICT COURT
For the District of Colorado

John A. Olagues, Pro Se
413 Sauve Rd.
River Ridge LA. 70123
olagues@gmail.com
504-305-4071
A shareholder of DigitalGlobal Inc.

        Plaintiff

Versus

Jeffrey Tarr, Pres and CEO
Stephanie Comfort
Scott Walter
Timothy Hascall
DigitalGlobe Inc.

        Defendants

Private Right of Action
Under Section 16 b of the
Securities Act of 1934
CIVIL ACTION NO. 17 CV -279
Judge Hon. Watanabe

## Motion for Summary Judgment

### Below is Rule 56 (a) FRCP

### Rule 56. Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Plaintiff will demonstrate there is no dispute as to material fact as asserted by the Plaintiff Olagues.

1

Section 16 (b) of the Securities Act of 1934 is listed below:

**"(b) For the purpose of preventing the unfair use of information which may have been obtained by such beneficial owner, director, or officer by reason of his relationship to the issuer,** *any profit realized by him from any purchase and sale, or any sale and purchase, of any equity security of such issuer (other than an exempted security) or a security-based swap agreement involving any such equity security within any period of less than six months, unless such security or security-based swap agreement was acquired in good faith in connection with a debt previously contracted, shall inure to and be recoverable by the issuer, irrespective of any intention on the part of such beneficial owner, director, or officer in entering into such transaction of holding the security or security-based swap agreement purchased or of not repurchasing the security or security-based swap agreement sold for a period exceeding six months.*

*Suit to recover such profit may be instituted at law or in equity in any court of competent jurisdiction by the issuer, or by the owner of any security of the issuer in the name and in behalf of the issuer if the issuer shall fail or refuse to bring such suit within sixty days after request or shall fail diligently to prosecute the same thereafter; but no such suit shall be brought more than two years after the date such profit was realized.*

**This subsection shall not be construed to cover** *any transaction where such beneficial owner was not such both at the time of the purchase and sale, or the sale and purchase, of the security or security-based swap agreement or a security-based swap involved, or* **any transaction or transactions which the Commission by rules and regulations may exempt as not comprehended within the purpose of this subsection."**

-----------------------------------------------

So to be successful in this Motion for Summary Judgment, the Plaintiff must show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

For DigitalGlobe Inc to recover profits made by the defendant insiders in violation of Section 16 (b) of the 1934 Securities Act, Olagues in his enforcement of Section 16 b) must be able to show the following:

2

1. Plaintiff, Olagues, was a shareholder at the time of the suit and throughout the full period of the suit. This is conceded by Defendants

2. Olagues was not required to have an attorney as this case was clearly a **private right of action not a derivative suit** to enforce Section 16 (b) of the 1934 Act. The fact that the suit was a private right of action, is confirmed by the SEC in the *[RELEASE NOS. 33-8600; 34-52202; 35-28013; IC-27025; File No. S7-27-04] pages 1 and 3 as below paragraph below:*

**"Section 16(b) operates strictly, providing a private right of action to recover short-swing profits by insiders**, *on the theory that short-swing transactions (a purchase and sale within six months) present a sufficient likelihood of involving abuse of inside information that a strict liability prophylactic approach is appropriate. "*

The two Supreme Court decisions made as Exhibits A and B confirm that Plaintiff need not have an attorney representing him

3. There is no question that defendants were officers or directors when they made the non exempt purchases of shares of DigitalGlobe Inc and made the dispositions of shares to the issuer. See the Form 4s made exhibits in the Responses to the 12 b-6 Motion.
This fact is unchallenged by defendants.

4. There is no questions that profits were made as a result of the non exempt purchases and the dispositions of common stock to the issuer.

5. There was less than 6 months between the non exempt purchases and the dispositions to the issuer.

6. There were no question that the purchases of the shares were non exempt.

7. The defendants have not shown nor they can show that the specificity requirements for approval for an exemption under SEC Rule 16 b-3(e), rule 16 b-3(d)(1) and Note (3)

3

8. IRC 83-c(3) defers income calculation and resulting tax liabilities for periods of time, when a non exempt sale of shares would have caused a violation of Section 16 (b). This deference was confirmed by the Ninth Circuit in Strom v. U.S. See exhibit C in the Request for Judicial Notice. This deference took place here when substantial amounts of the dispositions were made. There was no approval by the Board or a Committee of a disposition of shares to Digitalglobe Inc. on the day of vesting for payment of a tax liability that was deferred for over 2 months after the vesting.

All of the elements for a successful enforcement of Section 16 b) of the 1934 Securities Enforcement Act have been satisfied and this court should Rule for the Plaintiff in this Motion for Summary Judgment.

Respectfully submitted;

John Olagues
413 Sauve Rd
River Ridge, LA 70123
504-305-4071
olagues@gmail.com