**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 17-cv-00279-PAB-MJW**

JOHN A. OLAGUES,

       Plaintiff,

v.

JEFFREY TARR, *Pres and CEO,*
STEPHANIE COMFORT,
SCOTT WALTER,
TIMOTHY HASCALL, and
DIGITALGLOBE, INC.,

       Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE RECOMMENDATION FOR DISMISSAL**

---

Defendants respectfully submit their response to Plaintiff's Request for Reconsideration of the Recommendation for Dismissal (ECF No. 31) ("Request for Reconsideration"), as well as to Plaintiff's "Notification of Reason for Non Appearance" (ECF No. 30) ("Notification"), as follows:

**INTRODUCTION**

After Plaintiff failed to appear in person as ordered for a show cause hearing, the third occasion Plaintiff has failed to appear as instructed by the Court, the Magistrate Judge issued his Recommendation of Dismissal for Failure to Prosecute, Failure to Appear, and Failure to Comply with Court Orders (ECF No. 29) ("Recommendation of Dismissal"). Although not styled as an objection, Plaintiff's Request for Reconsideration appears to be in the nature of a

Fed. R. Civ. P. 72(b)(2) objection, asking the Court not to dismiss the action as recommended by the Magistrate Judge.

The Request for Reconsideration apparently raises two arguments against following the Recommendation of Dismissal: (i) Plaintiff had oral surgery the day before the show cause hearing, and (ii) traveling to Denver is expensive. Neither argument excuses Plaintiff for his failure to appear at the show cause hearing as ordered, particularly where he did not seek a continuance or even inform the Court of any scheduling conflict. Nor does either argument address the grounds for dismissal itemized in the Recommendation of Dismissal. The Court should follow the Magistrate's Recommendation to dismiss this action. Defendants further ask that the Court dismiss the case with prejudice, in accordance with Fed. R. Civ. P. 41(b).

## ARGUMENT

Plaintiff's assertions that he just completed oral surgery and that air travel is expensive do nothing to excuse his failure to appear at the show cause hearing as ordered by the Court. Instead, his Request for Reconsideration only reinforces the Magistrate Judge's reasoning for recommending dismissal of this action.

### I. PLAINTIFF'S ARGUMENTS DO NOT EXCUSE HIS FAILURE TO APPEAR AT THE SHOW CAUSE HEARING.

The Magistrate Judge issued his Order to Show Cause (ECF No. 16)—instructing Plaintiff to appear and show cause why he should not be held in contempt and his case dismissed pursuant to Fed. R. Civ. P. 16(f) and 41(b)—on **April 25, 2017**, a full month in advance of the show cause hearing. The Magistrate Judge scheduled the show cause hearing for May 25, 2017, and expressly instructed Plaintiff to appear in person. Order to Show Cause, at 3.

At no time between April 25 and May 25, did Plaintiff seek a continuance. Nor did he

indicate any scheduling conflict or objection to the timing of the show cause hearing, either to the Court or to Defendants' counsel. Instead, Plaintiff simply failed to appear at the show cause hearing. He did not seek to participate by telephone, nor did he alert the Court or Defendants' counsel that he would not appear at the hearing.

Now, a week after the hearing took place and two days after the Magistrate Judge issued his Recommendation of Dismissal, Plaintiff for the first time informs the Court that the May 25 show cause hearing conflicted with oral surgery he scheduled for May 24. Plaintiff's oral surgery does not excuse his failure to appear at the show cause hearing or to seek a continuance.

Plaintiff does not suggest the surgery was an emergency procedure, which prevented him from following through on arrangements to attend the show cause hearing. To the contrary, he indicates that the procedure was scheduled in advance, after a series of preparatory dental work. Request for Reconsideration, at 1-2 ("After a series of Dental [sic] work to prepare for the major Oral Implants [sic], the Oral [sic] implant work was scheduled for May 24, 2014 [sic] at 8:00 A.M. [sic] here is [sic] Jefferson Parish in the office of Dr. Michael Ferguson.").

Although Plaintiff informs the Court that his oral surgery was scheduled in advance, he does not give any indication as to just when the surgery was scheduled, nor does he assert that the timing of the surgery was beyond his control. If the surgery was scheduled prior to April 25, when the hearing was set, he had ample time to seek a continuance of the hearing or to reschedule the surgery. If the surgery was scheduled after April 25, then it was incumbent upon Plaintiff either to schedule the surgery on a date when it would not conflict with his previously scheduled court appearance, or at a minimum to request a continuance with the Court.

Moreover, while Plaintiff asserts that he was incapacitated by his oral surgery, he also

3

informs the Court that he had a follow-up visit with another dentist on May 25, the day of the hearing. Notification at 1, second paragraph. It defies credibility to suggest Plaintiff managed to appear for a follow-up procedure at a second dentist's office on May 25, yet was somehow unable even to make a telephone call to the Court to alert it to his scheduling conflict.

Indeed, Plaintiff's two-sentence attachment from his oral surgeon, Dr. Ferguson, declares only that Plaintiff "was instructed to limit activities to light duty for 7 days" after May 24. Request for Reconsideration, at 4. Dr. Ferguson does **not** state that the oral surgery was performed on an emergency basis, or that it could not have been scheduled earlier or later so as to avoid any conflict with the show cause hearing, or even that being limited to light duty prevented Plaintiff from being able to fly to Denver for a hearing the next day.

Plaintiff's complaint that air travel is expensive similarly misses the point. Plaintiff chose to file his action in this forum; he is in no position to complain that litigating here is inconvenient or costly. His budgeting difficulties should be of no concern to the Court, where Plaintiff has deliberately engaged in a campaign of vexatious litigation for the purpose of coercing nuisance-value settlements. *See* Defendants' Motion to Dismiss (ECF No. 18), at 8-9 & n.4. His professed inability to obtain counsel, Request for Reconsideration at 2, only demonstrates the fanciful nature of his claims under the securities laws. In any event, to the extent Plaintiff found it costly to appear in person as ordered by the Court, this was a concern to raise before the scheduled hearing, not a week later.

Plaintiff was ordered by the Court to appear in person on May 25, 2017. He failed to appear. Informing the Court in early June that this conflicted with previously scheduled oral surgery and that he preferred not to travel to the courthouse where he brought his action does

4

nothing to excuse his disregard of the Court's order.

## II. PLAINTIFF'S ARGUMENTS DO NOT ADDRESS THE MAGISTRATE JUDGE'S REASONING FOR RECOMMENDING DISMISSAL.

In any event, Plaintiff's Request for Reconsideration does not even attempt to address the Magistrate Judge's reasoning for recommending dismissal of this action. As the Magistrate Judge demonstrated, this is the **third** occasion Plaintiff has failed to appear for hearings as instructed. Plaintiff has manifestly failed to prosecute his action in accordance with applicable rules and court orders. The Notification offers no excuse for this pattern of inattention.

Plaintiff himself chose to bring this action, *pro se*, in this forum, suing officers of a major corporation for insider trading, based on what can charitably be described as a creative theory. *See* Defendants' Motion to Dismiss & Reply in Support of Defendants' Motion to Dismiss (ECF Nos. 18 & 28). But he has repeatedly shown his inability to treat his own action with the seriousness it requires.

Providing "notification" of a conflict with a court hearing, which the Court had ordered him to attend in person, a week **after** the hearing only demonstrates his intolerably cavalier approach to this litigation and this Court. The Court should not permit such disdain for this forum and process, but should dismiss this action in accordance with the Magistrate Judge's Recommendation of Dismissal.

Further, pursuant to Rule 41(b), the Court should dismiss Plaintiff's claim with prejudice:

> Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Respectfully submitted this 5th day of June, 2017.

*s/* Van Aaron Hughes
John V. McDermott
Van Aaron Hughes
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street
Suite 2200
Denver, CO   80202-4432
Telephone:   303-223-1100
Fax:   303-223-1111
Email:   jmcdermott@bhfs.com
           vhughes@bhfs.com

*Attorneys for Defendants*

Respectfully submitted this 5th day of June, 2017.

*s/* Van Aaron Hughes
John V. McDermott
Van Aaron Hughes
BROWNSTEIN HYATT FARBER SCHRECK, LLP
410 Seventeenth Street
Suite 2200
Denver, CO   80202-4432
Telephone:   303-223-1100
Fax:   303-223-1111
Email:   jmcdermott@bhfs.com
          vhughes@bhfs.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

 I hereby certify that on this 5th day of June, 2017, I electronically filed a copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S REQUEST FOR RECONSIDERATION OF THE RECOMMENDATION FOR DISMISSAL** via the CM/ECF system, which will send notification of such filing to counsel of record, and the foregoing was served upon the following via email and first class mail:

John A. Olagues
413 Sauve Road
River Ridge, LA 70123
Olagues@gmail.com

             *s/Paulette M. Chesson*
             Paulette M. Chesson, Paralegal
             BROWNSTEIN HYATT FARBER SCHRECK, LLP
             410 17th Street, Suite 2200
             Denver, CO 80202
             303-223-1100
             *fax* 303-223-1111