IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-00279-PAB-MJW

JOHN A. OLAGUES,

      Plaintiff,

v.

JEFFREY TARR, Pres and CEO,
STEPHANIE COMFORT,
SCOTT WALTER,
TIMOTHY HASCALL, and
DIGITALGLOBE INC.,

      Defendants.

---

## ORDER

---

    This matter is before the Court on the Recommendation of Dismissal for Failure to Prosecute, Failure to Appear, and Failure to Comply with Court Orders (the "Recommendation") [Docket No. 29] filed on May 30, 2017.  The magistrate judge recommends that this case be dismissed.  *Id*.  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

    The magistrate judge ordered plaintiff to appear in person three times and he has neither done so nor moved to appear by telephone.  Docket Nos. 4, 5, 16.  On March 20, 2017, plaintiff failed to appear at a status conference that he was ordered to appear at in person, but he was allowed to appear telephonically as a courtesy despite not having filed a motion to do so.  Docket No. 29 at 1.  The magistrate judge explained at the hearing that plaintiff was expected to appear in person and it was necessary to

file a motion if he was not able to do so.  On April 25, 2017, plaintiff again failed to
appear in person.  Docket No. 14.  The magistrate judge issued an order to show cause
why the case should not be dismissed and ordered plaintiff to appear in person to show
cause.  Docket No. 16.  Plaintiff did not respond to the order to show cause and, on
May 25, 2017, plaintiff again failed to appear.  Docket No. 24.  On May 30, 2017, the
magistrate judge issued the Recommendation, which recommends dismissal under
Fed. R. Civ. P. 16(f)(A) and (C) for failure to appear and obey court orders, Fed. R. Civ.
P. 41(b) for failure to prosecute and comply with court orders, and D.C.COLO.LCivR
41.1 for the same reasons.  Docket No. 29 at 2-3.

 The Court will "determine de novo any part of the magistrate judge's disposition
that has been properly objected to" by plaintiff.  Fed. R. Civ. P. 72(b)(3).  "[A] party's
objections to the magistrate judge's report and recommendation must be both timely
*and specific* to preserve an issue for de novo review by the district court . . . ."  *United
States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057,
1060 (10th Cir. 1996) (emphasis added).  To be sufficiently specific, an objection must
"enable[] the district judge to focus attention on those issues—factual and legal—that
are at the heart of the parties' dispute."  *See id.* at 1059 (quoting *Thomas v. Arn*, 474
U.S. 140, 147 (1985)).

 On June 2, 2017, plaintiff filed a Request for Reconsideration of the
Recommendation for Dismissal, Docket No. 31, which the Court will construe as a
timely objection to the Recommendation.  *See Haines v. Kerner*, 404 U.S. 519, 520
(1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).  Plaintiff does not
dispute the legal basis for the Recommendation, but states that he had a "scheduled"

oral implant surgery the day before the hearing[1] that made it "impossible to attend the hearing on May 25, 2017." Docket No. 31 at 2. Plaintiff attaches a doctor's note to support his claim. *Id*. at 4. Plaintiff does not make any attempt to explain his failure to respond to the order to show cause or his failures to appear on March 20 and April 25, 2017. Nor does plaintiff explain why he did not or could not file a motion for a continuance if he had, as stated, "scheduled" the dental procedure. *Id*. at 2; *cf*. Docket No. 36 at 1 (indicating the appointment was rescheduled from a later date that would not have conflicted with plaintiff's appearance). Plaintiff had the opportunity to raise a scheduling conflict before the Recommendation issued, but he failed to do so.

Plaintiff also claims that flying from his home in New Orleans to Denver for short hearings is cost prohibitive. Docket No. 31 at 2. There is no indication that the magistrate judge scheduled personal appearances improperly, and plaintiff failed to raise his cost concerns to the magistrate judge despite many opportunities to do so, including when the magistrate judge explained to him that he would be expected to attend future hearings in person unless he moved to do otherwise.

Plaintiff's pro se status does not excuse him from compliance with the rules of procedure and the magistrate judge's orders. *Taylor v. Zavaras*, 469 F. App'x 688, 689 (10th Cir. 2012) (unpublished) ("All litigants, even those who appear pro se, are required to comply with the same procedures, including responding to the orders of a magistrate judge." (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840

---

[1] Plaintiff's motion states that the surgery was "May 24, 2014," Docket No. 31 at 2, but the doctor's note states the date as "May 24, 2017," which the Court presumes is correct. Docket No. 31 at 4.

(10th Cir. 2005))).   Further, plaintiff has experience representing himself in federal court and does not argue that he misunderstood the magistrate judge's orders or admonitions.  Docket No. 31 at 2 ("I have filed other suits trying to enforce section 16 b of the 1934 Act."); *Olagues v. Kousharian*, 557 F. Supp. 2d 731 (E.D. La. 2008); *Olagues v. Muncrief*, No. 4:2017-cv-00153 (N.D. Okla. 2017); *Olagues v. Ravich*, No. 17-cv-00938-DMG, Docket No. 5, (C.D. Cal. May 16, 2017) (ordering John A. Olagues to show cause why the case should not be dismissed for lack of prosecution); *see also Lammle v. Ball Aerospace & Techs. Corp.*, 589 F. App'x 846, 848 (10th Cir. 2014) (unpublished) (finding a pro se plaintiff's claims not to understand procedural issues was "without merit and is belied by" the plaintiff's other filings).  Because of plaintiff's multiple failures to comply with the magistrate judge's orders and failures to appear, the Court will accept the Recommendation and dismiss this case under Fed. R. Civ. P. 16(f), Fed. R. Civ. P. 41(b), and D.C.COLO.LCivR 41.1.

For the foregoing reasons, it is

**ORDERED** that the Recommendation of Dismissal for Failure to Prosecute, Failure to Appear, and Failure to Comply with Court Orders [Docket No. 29] is **ACCEPTED**.  It is further

**ORDERED** that this case is dismissed without prejudice pursuant to Fed. R. Civ. P. 16(b), Fed. R. Civ. P. 41(b), and D.C.COLO.LCIVR 41.1.  It is further

4

**ORDERED** that this case is closed.


DATED June 14, 2017.

BY THE COURT:


_s/Philip A. Brimmer_____
PHILIP A. BRIMMER
United States District Judge
